UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Abenezer G.,

Petitioner,

v.

Eric Tollefson, Sheriff of Kandiyohi County, Jail Administrator of Kandiyohi County Jail; Todd Blanche, U.S. Attorney General; Markwayne Mullin, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; and David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement,

Respondents.

Civ. No. 26-3464 (PAM/LIB)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Petitioner Abenezer G.'s Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner is a citizen of Ethiopia. (Pet. ¶¶ 1, 10, 16; Decl. of William J. Robinson (Docket No. 6) ¶ 4.) He was admitted to the United States in August 2023, on a nonimmigrant F-1 student visa. (Pet. ¶16; Robinson Decl. ¶ 4.) Petitioner failed to maintain his immigration status, and therefore it terminated on September 10, 2025. (Robinson Decl. ¶ 4.)

Petitioner was placed in removal proceedings, and on December 30, 2025, an immigration judge held a bond hearing and denied bond, finding that Petitioner had not established that he is not a flight risk. (Pet. ¶ 22; Robinson Decl. ¶ 5; id. Ex. A.) Petitioner did not appeal the bond decision. (Robinson Decl. ¶ 5.) On February 25, 2026, an immigration judge ordered Petitioner removed from the United States. (Robinson Decl. Ex. B at 5.) Petitioner appealed, and that appeal remains pending. (Pet. ¶ 17; Robinson Decl. ¶ 6; id. Ex. C.) He remains in Respondents' custody at the Kandiyohi County Jail in Willmar, Minnesota. (Pet. ¶ 11.)

**DISCUSSION**

"A writ of habeas corpus enables a person detained by the government to challenge the legality of his confinement and, if successful, obtain his release." Abdulkadir A. v. Sessions, Civ. No. 18-2353, 2018 WL 7048363, at *2 (D. Minn. Nov. 13, 2018) (Bowbeer, J.) (citing Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)), report and recommendation adopted, 2019 WL 201761 (D. Minn. Jan. 15, 2019) (Brasel, J.). The Petition alleges a single claim: a violation of the Fifth Amendment.

Respondents contend that Petitioner is subject to detention under 8 U.S.C. § 1226(a). An alien detained under § 1226(a) may request a bond hearing before an immigration judge, who has discretion to release on bond aliens subject to removal proceedings. At such a bond hearing, the alien bears the burden to demonstrate that release is warranted. See Matter of Guerra, 24 I. & N. Dec. 37, 38 (BIA 2006). This is what occurred here.

The sole allegation in the Petition is that placing the burden on Petitioner to prove that bond is warranted violates the due process clause of the Fifth Amendment. (Pet. ¶¶ 3, 27–33.) However, "[t]he Supreme Court has never indicated the bond hearing process set forth in the statute and accompanying regulations is constitutionally deficient. To the contrary, Supreme Court precedent indicates such a framework is constitutionally permissible." Ali v. Brott, 770 F. App'x 298, 301 (8th Cir. 2019) (citing Demore v. Kim, 538 U.S. 510, 523 (2003)). Thus, it is inevitable that Petitioner fails to identify any authority supporting his position. Indeed, courts around the country have recognized this burden-shifting process in immigration bond decisions for years. See, e.g., Onosamba-Ohindo v. Ball, No. 23-6804, 2026 WL 2176738, at *1 (2d Cir. July 29, 2026) ("Importantly, in those proceedings, the burden of proof is on the noncitizen—not the government—to 'establish to the satisfaction of the Immigration Judge and [the] Board [of Immigration Appeals] that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (quoting In re Guerra, 24 I. & N. Dec. at 38); Brito v. Garland, 22 F.4th 240, 245 (1st Cir. 2021); Hernandez v. Sessions, 872 F.3d 976, 982 (9th Cir. 2017). Petitioner utterly fails to identify any violation of due process.

Moreover, although cast as a constitutional claim, to the extent that Petitioner asks the Court to reconsider whether he is a danger to the community or poses a flight risk, such a request is precisely the type of discretionary decision that the Court may not review. The Court lacks jurisdiction to review the immigration judge's decision to deny Petitioner's release on bond, because an immigration judge's bond decision "shall not be subject to

review." 8 U.S.C. § 1226(e). Indeed, "[n]o court may set aside any action or decision" by an immigration judge pertaining to "the revocation or denial of bond or parole." Id. Finally, the sole reason for Petitioner's continued detention is his appeal of the immigration judge's order of removal.

Petitioner is not entitled to the relief he seeks.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**; and
2. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 15, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge